**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**KEVIN BROWN, CHIEF STEWARD;**
**AUGUSTUS JONES, PRESIDENT; AND**
**IUE-CWA, INDUSTRIAL DIVISION OF**
**THE COMMUNCATIONS WORKERS OF**
**AMERICA, AFL-CIO, CLC, LOCAL 83799**                              **PLAINTIFFS**

**V.**                                        **CAUSE NO. 3:14-CV-37-CWR-LRA**

**ASEA BROWN BOVERIA, INC.,**
**FORMERLY KNOWN AS KUHLMAN**
**ELECTRIC CORP.; AND**
**JOHN DOES 1-50**                                              **DEFENDANTS**

## ORDER

Today the Court is called upon to answer the following question: Does the Court retain jurisdiction over a matter to rule on a party's motion to enforce a settlement agreement where the parties agreed to dismiss the case via stipulation of dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii)?  On these facts, the Court finds that it does not.

### Factual and Procedural Background

Plaintiffs, the Chief Steward, President and the IUE-CWA, Industrial Division of the Communications Worker of America, AFL-CIO, CLC, Local 83799 ("Union"), initiated this action in the Copiah County Circuit Court against Defendant, ABB Inc., claiming that ABB violated the parties' Collective Bargaining Agreement ("CBA") when ABB attempted to alter  its attendance policy.  Plaintiffs sought injunctive and declaratory relief.  Docket No. 2.  The defendant invoked the jurisdiction of this Court  pursuant to 28 U.S.C. § 1441(b) and removed the matter  asserting that the plaintiffs' claims are preempted by section 301 of the Labor

Management Relations Act as their claims are based on an analysis and interpretation of the C B A . Docket No. 1.[1]

Once removed, the defendant promptly filed a motion to dismiss asserting that "[t]he sole issue in this case is whether the Union can delay the implementation of ABB's attendance policy under the terms of the Collective Bargaining Agreement."  Docket No. 4, at 1. The authority to act unilaterally in implementing the attendance policy is set forth in the CBA, ABB asserted. *Id*. Moreover, ABB argued that the Union was fully aware of ABB's authority and that the lawsuit was filed "solely in an attempt to delay implementation of the attendance policy, and that there [was] no legal basis for the present lawsuit."  *Id*. at 2-3.  Plaintiffs filed their response to the motion.  Docket No. 8.  Before the Court considered the motion, the parties entered a Stipulation of Dismissal pursuant to Rule 41(a)(1)(A)(ii) agreeing that the case would be dismissed with prejudice "pursuant to a settlement agreement reached between the parties."  Docket No. 10.

More than a year later, Plaintiffs filed the instant Motion to Enforce Settlement Agreement and Attorneys Fees and Costs contending that "the Company has threatened the Union with implementation of new Attendance Policies which wholly violates the letter and spirit of the previously reached settlement agreement in this matter."  Docket Nos. 11 and 12. The defendant opposes the plaintiffs' motion, *see*, Docket No. 13, and seeks leave to file a surrebuttal. Docket No. 20. Defendant also has now filed its own motion for sanctions contending, among other things, that counsel for Plaintiffs filed his motion to enforce knowing full well that this Court lacks jurisdiction. Docket No. 17.

The Court has reviewed the parties' motions and supporting arguments. It finds that it lacks subject matter jurisdiction over the enforcement of the settlement agreement, thus the plaintiffs' motion should be denied.

---

[1] The defendant also invoked the Court's limited jurisdiction pursuant to 28 U.S.C. § 1332.

<u>Discussion</u>

The Supreme Court has held that a district court's jurisdiction over a settlement agreement does not automatically exist as a continuation of a dismissed suit.  *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994)). Rather, enforcement of a settlement agreement requires an independent basis for federal jurisdiction. *Id.*

A stipulation of dismissal signed by both parties is effective when it is filed and does not require court approval. *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 461 (5th Cir. 2010). Parties may, however, seek to retain the court's enforcement of a "dismissal-producing" settlement agreement. *Kokkonen*, 511 U.S. at 381. When parties dismiss a case pursuant to Fed. R.Civ. P. 41(a)(1)(A)(ii), the district court may retain jurisdiction over the settlement agreement with consent of the parties. *Id.* at 375. But retaining jurisdiction requires more than the judge's knowledge and approval of the settlement agreement. It also requires that the parties incorporate, into the case-closing document, their obligation to comply with the terms of the settlement agreement either by a separate provision or by incorporating the terms of the settlement agreement.  *Id.* at 381.

Here, the plaintiffs filed a stipulation of dismissal signed by both parties pursuant to Rule 41(a)(1)(A)(ii). Docket No. 10. Thus, no action from the Court was required to close the case. It was incumbent upon the parties to retain the Court's jurisdiction over enforcement of the settlement agreement, if so desired. Although the stipulation of dismissal referenced the settlement agreement, it did not include a provision agreeing that the Court would retain jurisdiction over its enforcement. *See*, *e.g.*, *AVX Corp. v. Cabot Corp.*, 424 F.3d 28, 33 (1st Cir. 2005)(quoting *Sandstrom v. ChemLawn Corp.*, 94 F.2d 83, 86 (1st Cir. 1990)(noting that

"[a]bsent *explicit conditions* to the contrary," proceedings prior to Rule 41(a)(1)(A)(ii) voluntary dismissal became a nullity)(emphasis added).  The result is that this Court lacks jurisdiction and cannot enforce the settlement agreement.[2]

Accordingly, the Court denies the plaintiffs' motion to enforce the settlement agreement and for attorneys fees and costs.  Defendant's Motion for Leave to File Surrebuttal, Docket No. 20, is denied as moot. The Court will take up Defendant's Motion for Sanctions, Docket No. 16, via separate order.

SO ORDERED, this the 9th day of October 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[2] It is not lost on the Court that counsel for Plaintiffs did not offer any arguments in response to the Defendant's assertion that this Court lacks jurisdiction.  Instead, counsel for Plaintiffs pressed forward with his discussion of the enforceability of settlement agreements under Mississippi law and his demand for attorneys fees and costs for "having to bring the instant motion."  Docket. Nos. 11,12, 18, and 19.