IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KEVIN BROWN, CHIEF STEWARD;
AUGUSTUS JONES, PRESIDENT; AND
IUE-CWA, INDUSTRIAL DIVISION OF
THE COMMUNCATIONS WORKERS OF
AMERICA, AFL-CIO, CLC, LOCAL 83799                              PLAINTIFFS

V.                                                    CAUSE NO. 3:14-CV-37-CWR-LRA

ASEA BROWN BOVERIA, INC.,
FORMERLY KNOWN AS KUHLMAN
ELECTRIC CORP.; AND
JOHN DOES 1-50                                                  DEFENDANTS

### ORDER

As announced in its previous ruling, *see Brown v. ASEA Brown Boveria*, No. 3:14-CV-37-CWR-LRA, 2015 WL 5918253, at *2 (S.D. Miss. Oct. 9, 2015), the Court is now prepared to take up Defendant's Motion for Sanctions against Plaintiffs ("Union") and their attorney, Warren Martin, Jr. Docket No. 16. Having reviewed the parties' arguments and authorities, the Court finds that the Motion should be denied as to Plaintiffs and granted as to Martin.

### PROCEDURAL HISTORY

On April 21, 2015, Martin, on behalf of the Union, filed a *Motion for Settlement Enforcement and Request for Award of Attorney's Fees and Costs.*[1] On April 28, the defendant, through its counsel, sent Martin a safe harbor letter pursuant to Rule 11 of the Federal Rules of

---

[1] This dispute arose when the defendant attempted to change its attendance policy without Union involvement. The Union sued claiming that the unilateral change violated the Collective Bargaining Agreement. The defendant filed a motion to dismiss, but before the court ruled on the motion, the parties announced they had resolved their differences, and the case was dismissed. *Brown*, 2015 WL 5918253, at *1. A year later, when the company "threatened the Union with implementation of new Attendance Policies," *see id.*, the Union considered that a violation of the parties' settlement agreement, and filed the *Motion for Settlement Enforcement and Request for Award of Attorney's Fees and Costs*, which resulted in the filing of the instant motion.

1

Civil procedure outlining its position that this Court lacked jurisdiction and had no authority to consider his motion. Along with that letter, counsel served Martin with a copy of the defendant's proposed motion for sanctions that it would file if Martin did not withdraw his motion. Docket No. 16-4. Following the expiration of the 21-day safe harbor period and after Martin failed to withdraw the motion, the defendant moved for sanctions, attorney's fees, and costs pursuant to Rule 11 and the Mississippi Litigation Accountability Act, Miss. Code Ann. § 11-55-1.

In its prior Order, the Court agreed that it lacked subject matter jurisdiction over enforcement of the settlement agreement because the parties did not, in their stipulation of dismissal, expressly retain this Court's jurisdiction. *Brown*, 2015 WL 5918253, at *2. Now, the Court must turn its attention to defendant's motion for sanctions.

### DISCUSSION

Rule 11 states in pertinent part as follows:

By presenting to the court a pleading, written motion, or other paper, an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . .

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b).

Rule 11 encourages truth and candor toward the court by permitting sanctions against attorneys who file legally or factually unsupported papers. *Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 339, 345 (5th Cir. 1990). The rule operates to "deter baseless filings and streamline the administration of justice," *see*, *Spiller*, 919 F.2d at 345, and it stands for the proposition that courts do not tolerate the filing of frivolous claims or abuse of the legal system.

*See Johnson v. Hanes Hosiery*, No. 2:97-CV-118-D-B, 1997 WL 33426759, at *2 (N.D. Miss. Oct. 20, 1997). An argument is frivolous if, "under an objective standard of reasonableness, it is clear that no chance of success . . . as it stands exists." *Id.* But, as the Fifth Circuit has explained, "Rule 11 is not intended to unreasonably chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." *Trinity Gas Corp. v. City Bank & Trust Col of Natchitoches*, 54 Fed. Appx. 591, 2002 WL 31730186, at *1 (5th Cir. Nov. 19, 2002). "[C]ourts should not impose sanctions simply because one party ultimately lost on the merits in litigation; nor should court use the wisdom of hindsight in ruling on a motion for sanctions." *Id*.

District courts have broad discretion to determine violations and impose reasonable sanctions to further the objectives of Rule 11. *See Willy v. Coastal Corp.*, 915 F.2d 965 (5th Cir. 1990). The proper inquiry is whether the attorney's conduct was reasonable under the circumstances. *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 873 (5th Cir. 1988). "[T]he court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Any sanction, however, should be the least severe sanction adequate to serve the purpose of the Rule. It "may be a warm friendly discussion on the record, a hard-nosed reprimand in open court, compulsory legal education, monetary sanctions, or other measures appropriate to the circumstances." *Thomas,* 836 F.2d at 878. "Rule 11 specifically provides for the award 'of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.'" *Walnut Villa Apt., LLC v. City of Garland, TX*, 69 Fed. Appx. 657, 2003 WL 21355883, at *2 (5th Cir. 2003) (quoting Fed. R. Civ. P. 11(c)(2)). Such monetary sanctions "may be imposed exclusively against the attorney, thereby avoiding punishment of the client for attorney misconduct." *Thomas*, 836 F.2d at 877.

### A.     Martin's Inquiry Into Jurisdiction

The first question is whether Martin conducted a reasonable inquiry into this Court's jurisdiction before he filed the motion. The Court finds that he did not.

When determining whether an attorney made a reasonable inquiry into the law, "a district court may consider the time available to the attorney to prepare the document; the plausibility of the legal view contained in the document; . . . and the complexity of the legal and factual issues raised." *Id.* at 874. Although Rule 11 does not require an attorney to continuously review and reevaluate his position during the development of a case, it does apply to "each and every paper signed during the course of the proceedings and requires that each filing reflect a reasonable inquiry." *Id.* A series of filings, in fact, may reveal a pattern of non-compliance. *Id.* at 875.

Martin did not act as a reasonable attorney under the circumstances. First, when Martin filed his motion, it was well-established that a district court's jurisdiction over a settlement agreement does not automatically exist as a continuation of a dismissed suit. *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994)). Rather, such enforcement requires an independent basis for federal jurisdiction. *Id.* Second, Martin was a party in litigation in this district in which the same jurisdictional question was answered by Judge Jordan. *See Virginia College, LLC v. Martin*, No. 3:11-CV-682-DPJ-FKB, 2014 WL 1464656, at *2 (S.D. Miss. April 14, 2014).[2] For more than a

---

[2] In *Virginia College*, Martin and Virginia College moved for enforcement of a settlement agreement against Martin's brother, Kenya Martin. The parties' order of dismissal included the sentence: "The Court specifically retains jurisdiction to enforce the settlement agreement." 2014 WL 1464656, at *2. Kenya Martin argued that the parties could not confer jurisdiction to federal courts. The court, however, ruled that "[d]istrict courts have jurisdiction to resolve breaches of settlement agreements when – as in this case – they expressly retain such jurisdiction." *Id.* After rejecting Kenya Martin's argument, Judge Jordan determined that sanctions in the form of reimbursement of costs and expenses, including attorney's fees should be assessed against Kenya Martin in favor of Virginia College. *Id*. at *5.

The Court notes that whether the settlement agreement in that case could be enforced was first decided by the magistrate judge in a Report and Recommendation issued on January 30, 2014. *Id*. at *1. Judge Jordan affirmed the magistrate judge's decision through his written opinion issued on April 15, 2014. In the instant matter, on March 6, 2014, Warren Martin filed his stipulation of dismissal in which he did *not* expressly retain the Court's jurisdiction, s*ee* Docket No. 10, and more than a year later, on April 21, 2015, he filed the motion to enforce.

4

year, Martin had in his possession Judge Jordan's ruling concerning the effect of a stipulation of dismissal, like the one he drafted, void of express language retaining jurisdiction and presented to the Court for entry. Based on these facts alone, very little investigation into this Court's jurisdiction would have been required of Martin, because he knew or should have known that his stipulation was insufficient to retain the jurisdiction of this Court.

Thirdly, if that were not enough, the defendant's counsel served Martin with a safe harbor letter and a copy of its proposed motion for sanctions. The letter stated in pertinent part:

> We are in receipt of your client's Emergency Motion to Enforce Settlement Agreement and for Attorney's Fess and Costs . . . , and I write to outline ABB's position with respect to the motion.
>
> **First, the Court does not have subject matter jurisdiction to decide the motion. A court retains subject matter jurisdiction to enforce a settlement agreement only when the court expressly retains jurisdiction to enforce it in the order of dismissal or when the order incorporates the terms of the settlement agreement. Neither was done when the suit you filed last year was dismissed.**
>
> Regardless of whether ABB's Response to the Emergency Motion is filed if the Emergency Motion is not withdrawn . . . within twenty-one days after service of this letter, on or before May 20, 2015, ABB will file its Motion for Sanctions.

Docket No. 16-4 (emphasis added). This letter should have triggered some action by Martin since he now knew that the defendant formally took the position that this court lacked the authority to enforce the agreement. At the very minimum, Martin could have and should have re-evaluated the plausibility of his assertion that this Court could enforce the settlement agreement and award his attorney's fees and costs. Even if Martin, at the time that he drafted the stipulation of dismissal, was unclear about the necessary language to include Martin had been on notice for more than a year of Judge Jordan's rulings in *Virginia College* when he filed his motion to enforce and demanded attorney's fees.

The Court takes special issue with the fact that Martin, through this day, has never offered any arguments in response to the defendant's contention that this Court lacked

5

jurisdiction over enforcement of the settlement agreement.[3] Instead, in later filings, Martin pressed forward with his discussion of enforceability of settlement agreements under Mississippi law and his demand for attorney's fees and costs for "having to bring the instant motion." Docket Nos. 18 and 19.  These filings lack reasonable inquiries into the law, thus they are frivolous.  Martin had ample time, after being put on notice, to conduct an investigation as to this Court's jurisdiction which, in this case, was not a complex legal issue, and, in fact, required no investigation as any legal research outside of defendant's safe harbor letter should have directed him to the *Virginia College* litigation.  Moreover, Martin was, or should have been, aware of the law even when he filed his response to the defendant's motion to dismiss on February 17, 2014, which was subsequent to the magistrate judge's Report and Recommendation in *Virginia College*.  The Court, therefore, finds that Martin violated Rule 11(b)(2) when he filed the motion to enforce and with each of his successive filings in this matter.

      B.      **Martin's Factual Misrepresentations**

The defendant also contends that Martin's factual contentions were not fact-based at all.  The Court agrees.

To determine whether a litigant conducted a reasonable inquiry into the facts, a district court may, in addition to the particular facts of the case, consider "the time available to the signer for investigation; the extent of the attorney's reliance upon his client for the factual support for the document; the feasibility of a prefiling investigation; . . . and the extent to which development of the factual circumstances underlying the claim requires discovery."  *Thomas*, 836 F.2d at 875.

The defendant alleges that Martin intentionally withheld evidence that would have

---

[3] The defendant made repeated attempts to put Martin on notice of his Rule 11 violations by raising the same issues in all its filings related to this dispute.  Martin never responded or withdrew his frivolous filings.  *See also Brown*, 2015 WL 5918253, at *2 ("It is not lost on the Court that counsel for Plaintiffs did not offer any arguments in response to the Defendant's assertion that this Court lacks jurisdiction.").

revealed that he, on behalf of his clients, accepted the following term as part of the settlement agreement: "This agreement does not in any way modify the Company's ability to make future changes to the attendance policy as allowed by the Collective Bargaining Agreement." Martin says that he did not accept that term, and instead argues that all the terms were embodied in the modified attendance policy agreed to by the Union and the defendant without involvement of counsel.

But, that is not true. The defendant has provided two emails which prove its point. In the first, defense counsel emailed Martin proposing the term at issue. In the second, Martin responded, "Jonathan, we have a deal. Would you like for me to notify the court?" Docket Nos. 16-1 and 16-2. It is plain that Martin accepted the term. In other words, the settlement agreement did not impair the defendant's ability to make future changes to the attendance policy. And Martin knew this as he not only accepted the term, but he also acted on it by preparing and filing the stipulation of dismissal.[4]

Martin nevertheless presses that the defendant, via email, attempted to add terms and amend those agreed to by the parties. The problem is that Martin's filings never mention his email where he wrote, "[**W**]**e have a deal**." Docket No. 16-2 (emphasis added). Not only does Martin omit this evidence in the motion to enforce, he also omits it in his later responses and replies.[5] Instead of alerting the Court to his own statement, Martin took the time to acquire affidavits from Union representatives concerning what they believed to be the terms of the

---

[4] That is not the only term Martin agreed to in his email; he also agreed to have the Union dismiss its previously filed grievance addressing the attendance policy changes. In his reply brief to this Court, however, Martin stated, "at the time of [defense counsel's] February 25th [2014] email correspondence, no grievance existed between the Union and ABB." Docket No. 18. Again, the record reveals facts to the contrary. The Union filed a grievance on January 21, 2014, and it was not settled until March 12, 2014, just days after Martin filed the stipulation of dismissal. Docket No. 22-2. Thus, Martin agreed to and acted on several terms in his email where he wrote, "We have a deal," but as explained more fully below, he never disclosed his email to the Court.

[5] Had the parties retained this Court's jurisdiction in the stipulation of dismissal, Martin's email would have been crucial to the determination of the parties' intent under the Mississippi contract law which Martin asserts is applicable.

7

settlement agreement. Docket Nos. 23 and 24. But, it does not matter what they *believed* the agreement to be, or that they "authorized [their] attorney to file a motion to Enforce the Settlement Agreement." Docket No. 23. What matters is what the agreement actually states and that Martin understood its terms. Having written, "[W]e have a deal," Martin clearly understood the terms, and regardless of whether his clients authorized him to do so, he knew there was no plausible basis for filing the motion to enforce and demand his attorney's fee in this Court. A client cannot "authorize" an attorney to file a pleading which violates Rule 11, and an attorney cannot shield himself from the consequences of violating the rule by asserting that, "I was following my client's instructions." *See In re TCI Ltd.*, 769 F.2d 441, 446 (7th Cir. 1985).

Martin had ample time to correct his omissions and misrepresentations. But instead of taking advantage of Rule 11's 21-day safe harbor period, he chose to continue with his attempts to hide his acceptance of the deal. *See In re Pratt*, 524 F.3d 580, 587 (5th Cir. 2008) (noting that the safe harbor provision was intended to give litigants accused of sanctionable behavior the opportunity to withdraw papers in violation of Rule 11 and avoid the district court's imposition of sanctions).[6] Moreover, Martin did not have to wait on the Union for the evidence in question nor did he need to conduct any discovery on this issue. The evidence was in his possession the day he filed the motion to enforce, the day he filed his reply to the defendant's response in opposition of the motion to enforce, and the day he filed his response in opposition to the defendant's motion for sanctions

This kind of obstinate lawyering is inexcusable, and the Court concludes that Martin violated Rule 11(b)(3) when he filed the motion to enforce and continuously filed papers lacking

---

[6] The defendant's safe harbor letter states, "As evidenced by your email responding to and accepting the proposed settlement terms, you and your client are aware of the specific terms of the settlement and are, or reasonably should be, aware of the exact meaning of those terms. In spite of that knowledge, you submitted the Emergency Motion to the Court without attaching the settlement agreement or disclosing its pertinent provisions. This omission and the assertions in the Emergency Motion that the settlement precludes ABB from revising the facility's Attendance Policy misrepresents the substance of the settlement and misleads the Court." Docket No. 16-4.

evidentiary support.

### C. Sanctions

"Rule 11 does not provide any 'free passes' to litigants who violate its mandates." *Spiller*, 919 F.2d at 347. On these facts, something more than a warm friendly discussion or hard-nosed reprimand is justified. The defendant seeks its attorney's fees. A sanctioned attorney "may only be liable for reasonable attorney fees based on the extent to which the non-violating party could have mitigated its expense." *Id.* Here, the defendant promptly notified Martin with a Rule 11 safe harbor letter and served him with a copy of its motion for sanctions. The defendant also raised Martin's violations of the Rule in each of its successive filings in this matter. Monetary sanctions in the form of reimbursement of reasonable attorney's fees and expenses are the least severe and appropriate penalty to meet the mandates of the Rule. *See Thomas*, 836 F.2d at 877; *Spiller*, 919 F.2d at 347.

## CONCLUSION

The Motion is granted in part and denied in part. Sanctions against the plaintiffs are denied while sanctions against plaintiffs' counsel is granted. ABB, through its counsel, is given 10 days from the entry of this order to present appropriate briefing evidence supporting its claim for reasonable attorney's fees and expenses. Martin shall have 14 days to respond and ABB will have 7 days to reply.[7]

**SO ORDERED**, this the 16th day of November 2015.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE

---

[7] Because the Court has determined that sanctions are appropriate under Rule 11, the Court declines to consider the request made pursuant to the Mississippi Litigation Accountability Act.