IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| KEVIN BROWN, CHIEF STEWARD; AUGUSTUS JONES, PRESIDENT; AND IUE-CWA, INDUSTIRAL DIVISION OF THE COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, CLC, LOCAL 83799 | PLAINTIFFS |
| V. | CAUSE NO. 3:14-cv-37-CWR-LRA |
| ASEA BROWN BOVERIA, INC., FORMERLY KNOWN AS KUHLMAN ELECTIRC CORP.; AND JOHN DOES 1-50 | DEFENDANTS |

## ORDER

In a previous ruling, the Court granted defendant ABB's Motion for Sanctions against the plaintiffs' attorney, Warren Martin, Jr., in the form of reimbursement of attorneys' fees and expenses. *See Brown v. ASEA Brown Boveria*, No. 3:14-CV-37-CWR-LRA, 2015 WL 7289492, at *5 (S.D. Miss. Nov. 16, 2015). Before the Court is ABB's Motion for Attorneys' Fees. Having reviewed the parties' arguments and applicable law, ABB's Motion is granted in part and denied in part.

**I.     Background**

In this case, ABB seeks $19,871.50 in attorney's fees based on the services of five Baker Donelson attorneys (Brooks Eason, Jonathan Hancock, Adam Gates, Steven Fulgham, Emma Redden) and one paralegal (Kathy Hughes) for the filing of four briefs.[1] Eason submitted an

---
[1] Response in Opposition to Plaintiffs' Emergency Motion, Docket No. 13; Motion for Sanctions, Docket Nos. 16 and 17; Motion for Leave to File Surrebuttal in Opposition to Plaintiffs' Emergency Motion, Docket Nos. 20 and 21; Rebuttal in Support of Motion for Sanctions, Docket No. 22.

affidavit swearing that he and his colleagues litigated this case for the following number of hours, at the following rates[2]:

| Name | Billed Rate | Hours | Amount |
|---|---|---|---|
| Brooks Eason | $390.00 | 12.9 | $5,031.00 |
| Jonathan C. Hancock | $360.00 | 17.7 | $6,372.00 |
| Adam H. Gates | $310.00 | 1.6 | $496.00 |
| Steven W. Fulgham | $210.00 | 28.9 | $6,069.00 |
| Emma J. Redden | $195.00 | 9.3 | $1,813.50 |
| Kathy L. Hughes | $180.00 | 0.5 | $90.00 |
| | **TOTAL:** | **70.9** | **$19,871.50** |

## II.    Legal Standard

The Fifth Circuit has defined a two-step process for determining reasonable attorneys' fees. First, the court must calculate a "lodestar" by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating attorneys. *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993). Second, the court may adjust the lodestar amount to account for a variety of factors, commonly referred to as the twelve *Johnson* factors. *Lighthouse Rescue Mission, Inc. v. City of Hattiesburg, Miss.*, No. 2:12-CV-184, 2014 WL 4402229, at *3 (S.D. Miss. Sept. 5, 2014). An attorneys' fee ruling should "explain how each of the *Johnson* factors affects its award," but need not be meticulously detailed to survive appellate review." *In re High Sulfur Content Gasoline Prod. Liab. Litig.*, 517 F.3d 220, 228 (5th Cir. 2008).

---

[2] The attorneys submitted detailed billing statements; the below chart is simply a summary tabulation.

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (quotation marks and citation omitted). "[T]he district court is obligated to scrutinize the billing records carefully and to exclude excessive, duplicative, or otherwise unnecessary entries." *Coleman v. Hous. Indep. Sch. Dist.*, 202 F.3d 264 (5th Cir. 1999) (citation omitted). Where the record is "virtually devoid of any information helpful to a determination of whether or how his hours were spent beneficially on this litigation," the court must deny the request for fees. *Kellstrom*, 50 F.3d at 324.

The applicant must also demonstrate that the requested hourly rates are reasonable. *Id.* "To determine reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates." *Id.* at 328 (citation omitted). "[T]he actual amount paid in fees is not dispositive on the question of reasonable rates." *Id.* (citations omitted).

### III. Discussion

#### A. Reasonable Hourly Rates

The Court must first determine if the hourly rates are reasonable given the attorneys' ability, competence, experience, and skill. It is well-established that "[h]ourly rates are to be computed according to the prevailing market rates in the relevant legal market, not the rates that lions at the bar may command." *Hopwood v. Tex.*, 236 F.3d 256, 281 (5th Cir. 2000) (quotation marks and citation omitted).

A reasonable hourly rate for a particular community is generally established through affidavits of other attorneys practicing there. *See, e.g., Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993) ("Appellants submitted affidavits of their attorneys' customary billing rates, as well as

3

affidavits from other attorneys in the community showing the prevailing market rates in the locality.").

In this case, there is no such evidence. ABB submits only a single affidavit in which Eason, the lead counsel, testifies that the requested rates are reasonable based on those customarily charged in the area. The Court questions that the proposed rates are reasonable. *See Brown v. Miss. Dep't of Health*, No. 3:11-CV-146-CWR-FKB, 2013 WL 12128785, at *3 (S.D. Miss. Mar. 5, 2013) (collecting cases). Without the testimony of other attorneys, the Court cannot say that these rates are charged by similar firms in the Jackson market. But, only because Martin has not contested the rates, the Court holds that the reasonable hourly rates are as proposed. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (approving requested $300 hourly rate where such rate was not challenged by the opposing party, but declining to rule on whether the rate would be reasonable in other cases in the area); *M. B. by and through Bedi v. Rankin County*, No. 3:13-CV-241-CWR-FKB, 2016 WL 1077833, at *2 (S. D. Miss. Mar. 17, 2016) ("Since there is no objection . . . the Court accepts these rates as the appropriate reasonable rate[s].").

Accordingly, the Court will use the following hourly rates in computing the lodestar in this matter: Eason, $390.00; Hancock, $360.00; Gates, $310.00; Fulgham, $210.00; Redden, $195.00; Hughes, $180.00.[3]

### B. Reasonable Hours Expended

The next step in the lodestar analysis is to calculate the number of hours reasonably expended. Martin objects to the reasonableness of the hours submitted by defense counsel on the

---

[3] An hourly rate of $180 for the work of a paralegal is excessive. This Court has previously found that $100 is a reasonable local billing rate. *Depriest v. Walnut Grove Correctional Authority*, No. 3:10-CV-663-CWR-FKB, 2017 WL 4228751, at *8 (S.D. Miss. Sept. 22, 2017) (citing *Brown*, 2013 WL 12128785, at *3). As noted below, however, the Court is not awarding any fees for the work of the paralegal so the adjustment will not be made.

4

basis that (1) the hours of ABB's Tennessee counsel should be excluded, (2) fees for work related to the Mississippi Litigation Accountability Act (MLAA) should be excluded, (3) billing entries with redacted activities should be excluded, and (4) defense counsel failed to exercise billing judgment. Each will be considered below.

### 1. Fees for Tennessee Attorneys

Martin argues that the Court should deduct attorneys' fees for the three Tennessee attorneys—Hancock, Fulgham, and Redden—since they did not obtain *pro hac vice* admission to practice before this Court. The Court disagrees.

Courts have recognized fee awards for out-of-district attorneys not admitted to practice before that particular court. *See Ace American Ins. Co. v. Walters,* No. H-12-442, 2014 WL 523742, at *3 (S.D. Tex. Feb. 7, 2014) (collecting cases). *See also, U.S. ex rel. Rigsby v. State Farm and Cas. Co.*, No. 1:06-CV-433-HSO-RHW, 2014 WL 691500, at *17 (S.D. Miss. Feb. 21, 2014) (approving work done by attorney who was inactive with the Mississippi Bar). The Federal Rules of Civil Procedure do not require every attorney working on a case to enter an appearance. *See* Fed. R. Civ. P. 11(a). Nor does this district's local rule. *See* L.U. Civ. R. 83.1(d).

Here, the out-of-district attorneys were not required to seek *pro hac vice* admission. They did not file any pleadings or appear before this Court. In calculating the lodestar, the Court will therefore not categorically exclude the hours billed by the Tennessee attorneys.

### 2. Fees Related to Unsuccessful Claims

Martin contends that time entries related to unsuccessful claims, like the MLAA, should be omitted since the Court declined to consider sanctions pursuant to the MLAA. This argument is unpersuasive.

The most critical factor in determining a reasonable fee is the degree of success obtained. *Hensley*, 461 U.S. at 436. "Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *see also United States ex rel. Longhi v. United States*, 575 F.3d 458, 476 (5th Cir. 2009) (ruling that no reduction of hours was warranted based on successful and unsuccessful claims where the claims "arose from the same set of contracts, same actors, and the same illegal intent").

In this case, ABB sought sanctions under Rule 11 and the MLAA. The claims arose from the same actors and same sanctionable conduct. Though the Court granted sanctions only on Rule 11 grounds, the claims are sufficiently related to warrant an award for work related to both claims.

The Court, however, will exclude entries related to ABB's unsuccessful Motion for Leave to File Surrebuttal. Since this Court found the Motion moot, *see Brown v. ASEA Brown Boveria, Inc.*, No. 3:14-CV-37-CWR-FKB, 2015 WL 5918253, at *2 (S.D. Miss. Oct. 9, 2015), the following entries will be excluded:

| Date | Name | Reduction |
|---|---|---|
| 06/01/15 | Fulgham | 4.90 |
| 06/02/15 | Fulgham | 3.70 |
| 06/03/15 | Eason | 2.90 |
| 06/03/15 | Fulgham | 0.80 |
| 06/03/15 | Hancock | 0.60 |
| 06/05/15 | Eason | 0.60 |

3. **Redacted Activities**

Martin asserts that five entries with redacted descriptions should be excluded from the requested award since they are inadequately detailed. *See* Docket No. 27-5. Redaction of billing records is acceptable so long as the court has sufficient information to determine that the hours related to those entries were reasonably expended. *Carl E. Woodward, LLC v. Acceptance Indem. Ins. Co.*, No. 1:09-CV-781-HSO-RHW, 2012 WL 1574936, at *8 (S.D. Miss. May 3, 2012).

In response, ABB explains that four entries were redacted because they were for unrelated work and already excluded from the requested fee.

Indeed, a review of the billing records reveals that defense counsel did not include the following redacted entries in the total requested amount:

| Date | Name | Hours |
| --- | --- | --- |
| 04/14/15 | Hancock | 0.60 |
| 04/14/15 | Hancock | 0.20 |
| 04/14/15 | Hancock | 0.30 |
| 04/14/15 | Hancock | 0.40 |

As for the fifth redacted entry, the defense explains that the description included communications protected by attorney-client privilege. The description reads:

> Receive and review Unions Emergency Motion to Enforce Settlement Agreement and emails with Adam Gates and Brooks Eason regarding same. Emails and phone conference with Rich Porter regarding [redacted]. Additional emails regarding need for exhibits and then review of same. Follow-up phone conference with Rich Porter regarding [redacted]. Interoffice conference [redacted]. Review research findings regarding jurisdictional issues and outline arguments for response. Same for NLRA issues. Additional emails regarding Rule 11 and Mississippi Accountability Act Application.

Docket No. 27-2 at 4. The Court finds that this description contains sufficient information to determine that those hours are reasonable.[4]

### 4. Billing Judgment

This Court agrees that the hours billed by defense counsel must be reduced for a lack of billing judgment. The most significant deficiency stems from the defense's use of block-billing, or describing multiple activities in one entry. Courts generally disfavor block-billing because the practice makes it impossible for the court to determine the reasonableness of the hours spent on each task. *Haylock v. Ebanks*, No. 13-432, 2013 WL 5410463, at *6 (E.D. La. Sep. 25, 2013). Still, the Supreme Court has indicated that that practice is not a basis for refusing to award attorneys' fees. *See Hensley*, 461 U.S. at 437, n.12. To compensate for block-billing, courts most often reduce the block-billed entries by a specific percentage. *See Bramlette v. Med. Protective Co.*, 2010 WL 3294248, at *3 (N.D. Tex. Aug. 20, 2010) (collecting cases). In *Bramlette*, for example, a survey revealed that courts have applied percentage reductions, typically in the range of 10 to 30 percent, rather than disallowing fees entirely. *Id*.

Here, the defendant seeks compensation for substantial blocks of time and lists multiple activities for those blocks of time without specifying the time per legal service rendered. Given the frequent use of block-billing, the Court finds that a 30% reduction is warranted for the following entries:

| Date     | Name    | Billed Hours | Reduction |
| -------- | ------- | ------------ | --------- |
| 4/22/15  | Fulgham | 2.60         | 0.78      |
| 04/22/15 | Fulgham | 3.20         | 0.96      |
| 04/22/15 | Hancock | 4.40         | 1.32      |

---

[4] Hancock billed 4.40 hours but, as discussed in the following section, the Court has reduced those hours due to lack of billing judgment.

8

| | | | |
|---|---|---|---|
| 04/23/15 | Hancock | 2.80 | 0.84 |
| 04/23/15 | Redden | 4.30 | 1.29 |
| 04/24/15 | Eason | 1.40 | 0.42 |
| 04/24/15 | Hancock | 0.80 | 0.24 |
| 04/24/15 | Hancock | 1.20 | 0.36 |
| 04/27/15 | Redden | 1.20 | 0.36 |
| 04/27/15 | Hancock | 0.60 | 0.18 |
| 04/28/15 | Fulgham | 1.40 | 0.42 |
| 04/28/15 | Hancock | 1.40 | 0.42 |
| 04/28/15 | Eason | 2.80 | 0.84 |
| 04/29/15 | Hancock | 0.40 | 0.12 |
| 04/29/15 | Eason | 0.80 | 0.24 |
| 05/19/15 | Hancock | 0.30 | 0.09 |
| 05/22/15 | Eason | 1.50 | 0.45 |
| 05/22/15 | Fulgham | 1.60 | 0.48 |
| 05/22/15 | Hancock | 0.40 | 0.12 |
| 05/29/15 | Eason | 0.80 | 0.24 |
| 05/29/15 | Hancock | 0.90 | 0.27 |
| 06/01/15 | Hancock | 0.70 | 0.21 |
| 06/02/15 | Hancock | 1.20 | 0.36 |
| 06/04/15 | Eason | 0.60 | 0.18 |
| 06/08/15 | Fulgham | 0.80 | 0.24 |
| 10/09/15 | Hancock | 0.30 | 0.09 |

Martin also argues that the Court should reduce the requested hours because the case was overstaffed and the hours billed were excessive in light of the simplicity of the motions.

The Court agrees that the case was overstaffed and is not convinced that two partners were necessary at this stage of the case. No depositions were taken; no discovery was conducted. The briefing involved straightforward issues of jurisdiction[5] and sanctions. As a result, the Court finds that a 30% reduction of the requested hours is appropriate. *See Kellstrom*, 50 F.3d at 336 (affirming a trial court's reduction of 15% for overstaffing); *Brown v. Ascent Assur., Inc.*, 191 F.Supp.2d 729, 731, 734 (N.D. Miss. 2002) (reducing requested hours by approximately 58%); *Mosley v. Nordquist*, 2016 WL 5794480, at 1 (N. D. Miss. Sept. 30, 2016) (reducing requested hours by approximately 33%); *L & A Contracting Co. v. Byrd Bros., Inc.*, No. 2:07-CV-57(DCB)(JMR), 2010 WL 1223321, at *4 (S.D. Miss. March 24, 2010) (reducing total number of hours requested from 455.1 to 150 hours).

The Court additionally denies any recovery for paralegal hours. "Paralegal work can only be recovered as attorney's fees if the work is legal rather than clerical." *Vela v. City of Hous.*, 276 F.3d 659, 681 (5th Cir. 2001). The defense submitted a time entry of 0.5 hours for Hughes' retrieval of documents. *See* Docket No. 27-2 at 4. This task is clerical, not legal.

In sum, the Court finds that the following number of hours were reasonably expended per person: Eason, 4.92 hours; Hancock, 8.74 hours; Gates, 1.12 hours; Fulgham, 11.63 hours; Redden, 5.36 hours; Hughes, 0 hours.

Applying the uncontested hourly rates to the reduced number of reasonable hours, the Court finds that the resulting per-person lodestar is $1,918.80 for Eason (4.92 hours at $390.00),

---

[5] So straightforward was the jurisdictional issue that this Court's discussion of it consumed only three paragraphs. *See Brown*, 2015 WL 5918253, at *2.

$3,146.40 for Hancock (8.74 hours for $360.00), $347.20 for Gates (1.12 hours at $310.00), $2,442.30 for Fulgham (11.63 hours at $210.00), $1,045.20 for Redden (5.36 hours at $195.00), $0 for Hughes (0 hours at $180.00). Altogether, the total lodestar is $8,899.90.

### C. *Johnson* Factors

After determining the lodestar, the court must then consider the weight of the twelve *Johnson* factors are:

> the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

488 F.2d at 717-719. "The United States Supreme Court has stated that many of the *Johnson* 'factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Penthouse Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London*, No. 1:07-CV-568-HSO-RHW, 2011 WL 6699447, at *3 (S.D. Miss. Dec. 21, 2011) (quoting *Hensley*, 461 U.S. at 434 n. 9).

In this case, each of the *Johnson* factors, except the forth, sixth, and tenth, are subsumed into the above discussion of the lodestar. The remaining three factors are not relevant to this case. In weighing all of these factors, the Court concludes that the lodestar should not be adjusted.

### III. Conclusion

Accordingly, the Court grants ABB's motion for attorneys' fees to the extent it orders Martin to pay $8,899.90 in attorneys' fees. Martin shall submit payment to ABB's attorneys within 30 days of entry of this Order.

**SO ORDERED**, this the 3rd day of January, 2018.

                                                                                     <u>s/ Carlton W. Reeves</u>  
                                                                                     UNITED STATES DISTRICT JUDGE